**Proletar BALLIU, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

Nos. 04–1827–ag, 04–4434–ag.

United States Court of Appeals,
Second Circuit.

May 10, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

246

Michael Boyle, Justin Conlon, North Haven, Connecticut, for Petitioner.

Sheldon J. Sperling, United States Attorney for the Eastern District of Oklahoma, Cheryl R. Triplett, Assistant United States Attorney, Muskogee, Oklahoma, for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. JON O. NEWMAN, and Hon. ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 10th day of May, two thousand and six.

UPON DUE CONSIDERATION of these petitions for review of two decisions of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review of the BIA's March 2004 order is GRANTED, that order is VACATED, the petition for review of the BIA's July 2004 order is DENIED, and the case is REMANDED for further proceedings.

Proletar Balliu, though counsel, petitions for review of the March 2004 BIA decision affirming Immigration Judge ("IJ") John Opaciuch's decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), and the July 2004 BIA decision denying his motion to reopen. We assume the parties' familiarity with the underlying facts and procedural history of the case.

As a threshold matter, we note that our jurisdiction over this petition for review is not affected by the fact that the proceedings below were "asylum-only" proceedings, rather than removal proceedings. *See Kanacevic v. INS,* 448 F.3d 129, 133–36 (2d Cir.2006).

### A. The BIA's March 2004 Decision

Because the BIA issued a brief decision that fully adopted the IJ's reasoning, we review the IJ's decision directly. *Secaida-Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). Legal questions, and applications of law to fact, are reviewed *de novo. See id.* at 307. We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004). Nevertheless, we require the agency to base an adverse credibility determination on " 'specific, cogent' reasons" that "bear a legitimate nexus" to the finding. *Secaida-Rosales,* 331 F.3d at 307.

 Here, the adverse credibility determination is not sustainable. The IJ identified only one inconsistency in Balliu's claim, concerning his confusion over the

date his pursuers visited his wife, and his failure to mention this detail in his application. However, the date discrepancy was minor, and Balliu testified that he did not learn of the incident until after he filed his application. Equally minor was the inconsistency between his testimony that he suffered "broken or cracked ribs" when the criminals attacked him and the medical report he submitted, indicating that he suffered "contusions" to the chest. *See Pavlova v. INS*, 441 F.3d 82, 90 (2d Cir. 2006) (describing an error in medical terminology to be "the sort of *de minimis,* nonmaterial inconsistency that ... may not form the basis of an adverse credibility determination"). The IJ relied on speculation in discounting Balliu's certificate from the Democratic Party, confirming he was a sympathizer, and his employment ID because they contained insufficient corroborating details, without referring to any background evidence on what such documents should contain. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 405 (2d Cir.2005).

▇ The IJ's only arguably reasonable basis for the adverse credibility finding is the finding of implausibility regarding Balliu's claim his police chief was affiliated with the organized crime group, yet sent him to arrest the group's members. Balliu's additional claim that the chief sent him on these missions so that the criminals would eliminate him also might appear implausible, standing alone. However, the implausibility finding is erroneous absent any evidence that the IJ considered the numerous reports in the record confirming that the Albanian police force is corrupted and often targeted by organized crime groups. *See Yan Chen v. Gonzales*, 417 F.3d 268, 272–74 (2d Cir.2005). The IJ's disregard for this evidence also led him to conclude, erroneously, that Balliu failed to establish state action or a nexus between the persecution and his political opinion. The finding that he failed to establish that

the criminals were "actually associated with" the government misstates the standard; it is "well established" that private acts may constitute persecution if the government has proved unwilling or unable to control them. *See Pavlova*, 441 F.3d at 91 (citing *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 342 (2d Cir.2006)). Balliu's testimony that his superiors released the criminals he arrested, combined with the background evidence of corruption and impunity, arguably support this theory.

By ignoring the background evidence, the IJ committed the further error of failing to conduct a "mixed motives" analysis. *See Osorio v. INS*, 18 F.3d 1017, 1028–30 (2d Cir.1994); *Matter of S–P–,* 21 I. & N. Dec. 486, 495, 1996 WL 422990 (BIA 1996). While the "dangers faced by policemen *as a result of that status alone"* do not constitute persecution on account of a protected ground, *see Matter of Fuentes*, 19 I. & N. Dec. 658, 661, 1988 WL 235456 (BIA 1988) (emphasis added), Balliu testified that the criminals attacked him when he was not on duty and made statements indicating their animosity was political. Balliu's testimony and application further suggested that the animosity of both the criminals and his chief may have been inspired by his sympathies for the DP and his opposition to corruption. The latter might also be construed as political opinion to the degree it represents a challenge to the regime in power. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 547–48 (2d Cir.2005). "[A]n applicant does not bear the unreasonable burden of establishing the exact motivation of a 'persecutor;'" he need only establish facts upon which a reasonable person would fear that the danger arises on account of one of the five protected grounds. *See Fuentes*, 19 I. & N. Dec. at 662. Because Balliu presented some evidence supporting this theory, the IJ erred in failing to analyze his claim under a mixed motives analysis. The case is therefore remanded to allow the IJ to conduct the necessary

factual and contextual inquiry. *See Ivan-ishvili,* 433 F.3d at 341–43; *Osorio,* 18 F.3d at 1029–30. Moreover, in evaluating Balliu's eligibility for asylum and withholding, it is appropriate for the parties to consider that the DP returned to power in Albania in July 2005. *See Latifi v. Gonzales,* 430 F.3d 103, 106 n. 1 (2d Cir.2005).

On the other hand, Balliu has waived any challenge to the IJ's denial of CAT relief by failing to address this issue in his brief before this Court. *Yueqing Zhang,* 426 F.3d at 542 n. 1.

## B. The BIA's July 2004 Decision

■ We review the BIA's denial of a motion to reopen for an abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* at 233–34.

The BIA did not abuse its discretion in denying Balliu's motion to reopen based on "new" evidence. The IJ did not deny Balliu's claim solely because of insufficient corroboration as he implied in his motion; moreover, Balliu failed to explain why such evidence could not have been offered earlier. The medical records, identification documents, and newspaper article all predated his hearing, and the new State Department reports did not offer background information materially different from that which was already in the record. Therefore, the BIA acted within its discretion in denying the motion for failure to present new, material evidence that was not available and could not have been presented at the previous hearing. *See* 8 C.F.R. § 1003.2(c)(1); *INS v. Abudu,* 485 U.S. 94,

104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).

For the foregoing reasons, the petition for review of the BIA's March 2004 order is GRANTED, that order is VACATED, the petition for review of the BIA's July 2004 order is DENIED, and the case is REMANDED for further proceedings. Having completed our review, any stay of removal that the Court previously granted in either petition is VACATED, and any pending motion for a stay of removal in either petition is DENIED as moot. Any pending request for oral argument in either petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).